UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS, L.L.C., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV328 JCH |
| ) | |
| CHRISTINA MOSCA, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by Defendant Christina Mosca ("Mosca"). The Court will address the motions in turn.

**I.     Defendant's Motion To Dismiss Under Issue Preclusion**

On April 13, 2005, Mosca filed her Motion to Dismiss under Issue Preclusion. (Doc. No. 18). By way of background, Plaintiff Charter Communications, L.L.C. ("Charter Communications") filed this suit against Mosca in Missouri on January 11, 2005. (Defendant's Memorandum in Support of Motion to Dismiss under Issue Preclusion ("Mosca's Memo in Support"), P. 1). Mosca then filed suit against Charter Communications, Inc.[1] ("Charter, Inc.") in the Circuit Court of Shelby County, Alabama, on January 18, 2005. (Id.). In the Alabama case, Charter, Inc. moved to dismiss on a number of bases. (Id., P. 2). On April 11, 2005, the Alabama court conducted a hearing on Charter, Inc.'s motion to dismiss, and then denied the motion without discussion. (Id., and attached Exh. 2).

In her Motion to Dismiss, Mosca asserts principles of res judicata and collateral estoppel apply to deny this Court jurisdiction over Charter Communications' suit. (Mosca's Memo in

---

[1] Charter Communications is a subsidiary of Charter, Inc. (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Charter Communications' Memo in Opp."), P. 2).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Support, P. 3). According to Mosca, because Charter, Inc.'s Motion to Dismiss the Alabama suit was denied, Charter Communications is estopped from litigating the issues of jurisdiction and venue in this Court. (Id., P. 6).

In its response to Mosca's motion, Charter Communications asserts the doctrines of res judicata and collateral estoppel do not apply here, because Charter Communications is not a party to the Alabama suit. (Charter Communications' Memo in Opp., P. 5). In her reply brief, Mosca concedes the point as follows: "According to Charter [Communications], *collateral estoppel* does not exist in this case derived from the Alabama court's denial of Charter [Inc.'s] motion to dismiss since the Charter in the Missouri case is not the same Charter in the Alabama case. This, of course, is absolutely true." (Defendant's Response to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss ("Mosca's Reply"), P. 2).[2] The Court therefore will deny Defendant's Motion to Dismiss under Issue Preclusion.[3]

## II.   Defendant's Motion For Transfer Of Venue

On May 4, 2005, Mosca filed a Motion for Transfer of Venue. (Doc. No. 25). 28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. In considering a § 1404(a) motion, the Court gives great weight to the plaintiff's choice of a proper venue, and will only disturb that choice upon a clear showing that the balance of interests

---

[2] Mosca continues to argue this Court lacks jurisdiction over this suit, as Mosca entered into the Separation Agreement and Release ("Agreement") with Charter, Inc., a non-party to this action. (Mosca's Reply, PP. 1-3). This assertion is frivolous, as the Agreement clearly states it is between Mosca and "a subsidiary of Charter Communications, Inc." (First Amended Petition, Exh. A, P. 1).

[3] The Court notes that with her submissions, Mosca fails to establish the other elements of res judicata and collateral estoppel as well.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

weighs in favor of the movant's choice of venue. Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001) (citations omitted). "The interests which the Court should consider include: 1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if a transfer is granted; and 7) practical considerations of cost and efficiency." Id. (citation omitted); see also Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.), cert. denied, 522 U.S. 1029 (1997). Further, "[t]he 'primary, if not most important' of these interests is the convenience of the witnesses." Anheuser-Busch, 176 F.Supp.2d at 959 (quoting May Dept. Stores Co. v. Wilansky, 900 F.Supp. 1154, 1165 (E.D. Mo. 1995)).

Upon consideration, the Court finds the balance of factors taken into account under § 1404(a) favors denying Mosca's Motion for Transfer of Venue. First, as to the convenience of the parties, the Court finds this factor to be neutral, because while Mosca prefers to litigate in Alabama, Charter Communications prefers Missouri, the site of its corporate headquarters and principal place of business.

Next, with respect to the most important factor, the convenience of non-party witnesses, Mosca asserts (without evidentiary support) that, "every conceivable material witness" resides in Alabama. (Mosca's Motion for Transfer of Venue, P. 1). Charter Communications responds, however, with an Affidavit from Ms. Cheryl Manley, Charter, Inc.'s Director and Counsel for Labor and Employment, stating in relevant part as follows:

> 6. Charter [Communications] believes that the following individuals, who reside in the St. Louis, Missouri area, may be witnesses in this case: Larry Christopher (Vice President and Senior Counsel for Litigation), regarding communications with Defendant, what constitutes privileged and confidential information which Charter [Communications] is seeking to protect in this case, and the corporate relationship between Charter Inc. and Charter

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

[Communications]; Lynne Ramsey (Senior Vice President for Human Resources) and Rebecca Walsh (former Vice President and Senior Counsel for Labor and Employment), regarding the Separation Agreement, its meaning and interpretation, and the circumstances relating to Mosca's execution of the Separation Agreement; Christine Shutek and Hunt Brown, concerning the types of confidential information Mosca had access to during her employment, as well as Mosca's contacts with St. Louis, Missouri employees.

(Doc. No. 27, Exh. A, ¶ 6).[4] Based on the parties' submissions, the Court finds the convenience of non-party witnesses favors Charter Communications.

Mosca does not address the remaining factors in her motion, and upon consideration, the Court finds they are either neutral, or weigh in favor of this Court's retaining jurisdiction. Mosca's Motion for Transfer of Venue will therefore be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss under Issue Preclusion (Doc. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Transfer of Venue (Doc. No. 25) is **DENIED**.

Dated this 29th day of June, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] Charter Communications further notes that the individuals residing in Alabama who may be called as witnesses are all still Charter Communications employees. (Doc. No. 27, P. 9).

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com